IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARRYL G. DAVIS, )<br>)<br>  Plaintiff, )<br>v. )          CIVIL ACTION NO. 1:05-504<br>)<br>GEORGE MASON UNIVERSITY, )<br>)<br>  Defendant. ) | |

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant George Mason University's Motion to Dismiss Plaintiff Darryl Davis's complaint under Federal Rule of Civil Procedure 12(b)(6). This case concerns Mr. Davis's academic dismissal from the International Commerce and Policy Master's Program at George Mason University. Mr. Davis was dismissed because he received two (2) failing grades in required courses which, under the policy of the graduate school, was grounds for dismissal from the program. Although Plaintiff admits that he received two (2) failing grades, he alleges that George Mason University assured him that, if he obtained a retroactive withdrawal from one of the failed courses, he would not be dismissed from the program. The issues before the court are: (1) whether equitable estoppel will lie against George Mason University when it performs a governmental function (Count I); (2) whether the complaint states a claim for violation of procedural and substantive due process, where Plaintiff's claims turn on an alleged property interest in continued enrollment at George Mason University (Counts II and III); and (3) whether the course catalog, which plaintiff received, constitutes a contract such that plaintiff can state a claim for breach of contract against George Mason University (Count IV).

The Court dismisses Count I because equitable estoppel does not lie against George Mason University when it exercises a governmental function.  The Court further holds that Counts II and III are dismissed because under Virginia law, there is no property interest in continued enrollment at a public university, and as such, Plaintiff's complaint fails to state a claim for violation of his Fifth Amendment procedural and substantive due process rights. Moreover, the Court holds that Count IV is dismissed because the course catalog is not a binding legal contract.

## I. BACKGROUND

This case concerns the academic dismissal of Plaintiff Darryl Davis from the International Commerce and Policy Masters Program at George Mason University ("GMU").  Mr. Davis was dismissed because he received two (2) failing grades in required courses which, under the policy of the graduate school, was grounds for dismissal from the program.  (Compl. ¶ 9, 12.)  During the Fall Semester of 2002, Mr. Davis received his first "F" at GMU in a required course, ITRN 504 - Microeconomics and Trade for International Commerce.  (*Id.* ¶ 9.)  Mr. Davis retook the course at George Washington University ("GWU") through a consortium agreement between the two schools.  (*Id*. ¶ 10.)  Mr. Davis completed the course but failed it for a second time.  (*Id.* ¶ 12.)

Mr. Davis received notice from GMU indicating that he was dismissed from the International Commerce Program because he had received two (2) failing grades.  (Letter from Kingsley E. Haynes, Dean of the Sch. of Pub. Policy of GMU, to Darryl Davis (Sept. 8, 2003)). Mr. Davis met with Dr. Haynes, Dean of the School of Public Policy for GMU to discuss a grade change in the GWU Microeconomics course in December 2003.  (Compl. ¶ 14.)  Mr. Davis

alleges that at this meeting Dr. Haynes told him that he could obtain a retroactive withdrawal from the course, thereby removing the failing grade and allowing him to stay in the program. (*Id.* ¶ 16.) Mr. Davis also alleges that Dr. Haynes told him that he would need to contact GWU to request the retroactive withdrawal. (*Id.*) Mr. Davis then obtained a retroactive withdrawal from the course from the Dean of Student Affairs at GWU and submitted it to GMU. (*Id.* ¶ 21.)

GMU notified Mr. Davis that his withdrawal request was denied because it was filed outside the time allotted under the GMU University Catalog ("Catalog"). (Compl. ¶ 22.) The Catalog for the relevant academic year states in part that:

> A student may withdraw from a semester after the end of the drop period without academic penalty only for non-academic reasons that the student's academic dean approves as sufficient to merit an exception to policy.
> . . .
> The last day for dropping a 14 week course is five calendar weeks after the first day of classes (including the first day).

(2002-2003 Geo. Mason. Univ. Catalog, at 29.) When Mr. Davis contacted GMU to discuss the timeliness of his withdrawal request (*Id.* ¶ 23) GMU still refused to accept GWU's retroactive withdrawal. GMU stated that only academic deans from GMU can grant retroactive withdrawals to GMU students. (*Id.* ¶ 24.) GMU maintained that Mr. Davis was still dismissed because he had received two "F's." (*Id.* ¶ 24.) Mr. Davis filed this lawsuit seeking declaratory judgment (Count I), alleging violation of his Fifth Amendment procedural (Count II) and substantive (Count III) due process rights, and for breach of contract (Count IV). Defendant moves this Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of the plaintiff's claim that would entitle the plaintiff to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley*, 355 U.S. at 47.

### B. Analysis

As a preliminary matter, the Court finds that Defendant's Motion to Dismiss was proper in that it does not include materials outside of the complaint. Although Plaintiff argues that Defendant's motion should be treated as a motion for summary judgment because it includes materials outside of the complaint, a letter from GMU to Darryl Davis dated September 8, 2003 (Pl.'s Opp. to Mot. to Dismiss at 2) all of the materials referred to by Defendant were properly argued in the Motion to Dismiss. In the Eastern District of Virginia,

> when a plaintiff fails to introduce a pertinent document as part of his complaint, the
> defendant may attach the document to a motion to dismiss the complaint and the

> Court may consider the same without converting the motion to one for summary judgment. *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil,* § 1327, at 762-63 (2d ed. 1990). This ruling encompasses not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims.

*Gasner v. County Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995). Any documents referenced in the complaint can properly be attached to Defendant's Motion to Dismiss. Here, the September 8, 2005, letter from GMU that the Defendant attached to its Motion to Dismiss was referenced to in the complaint. (Compl. ¶ 13.) Therefore, Defendant's Motion to Dismiss is proper in that it does not include materials outside of the complaint. Thus, the Court will view this motion as a motion to dismiss and not treat it as a motion for summary judgment.

**Count I**

The Court holds that Count I is dismissed because equitable estoppel does not lie against GMU when it exercises a governmental function. Under Virginia law, "estoppel does not apply to the government in the discharge of its governmental functions." *Gwinn v. Alward*, 232 Va. 616, 621 (1988). Here, GMU is a public state university and the complaint indicates that at all relevant times GMU was acting in its normal governmental function. Therefore, Plaintiff is precluded from claiming equitable estoppel.

Even assuming that estoppel could apply to GMU, Count I is dismissed because Mr. Davis has not sufficiently pled how he has changed his position or has been prejudiced by relying on Dr. Haynes's representations. A plaintiff must plead representation, reliance, a change of position, and detriment in order to establish an action for equitable estoppel, absent a showing of fraud and deception. *Dominick v. Vassar*, 235 Va. 295, 299 (1988). Here, Mr. Davis fails to

plead that he took any steps to his detriment in reliance on the actions of GMU.  Furthermore, Mr. Davis fails to plead how he has been prejudiced as a result of GMU's actions.  The mere fact that he submitted a request for a retroactive withdrawal from a failed course to GMU did not constitute a change in Mr. Davis's position, rather this action was only an act in furtherance of his current position. Therefore, Count I is dismissed because Mr. Davis has not sufficiently pled how he has changed his position or has been prejudiced by relying on Dr. Haynes's representations.  Additionally, Count I is dismissed because equitable estoppel will not lie against GMU when it exercises a governmental function.

**Counts II and III**

The Court holds that Counts II and III are dismissed because the Court finds that Mr. Davis has no property interest in continued enrollment in GMU to support a claim for violation of Fifth Amendment procedural or substantive due process.

The Supreme Court has stated that property must be "a legitimate claim of entitlement." *Bd. of Regents State Colls. v. Roth*, 408 U.S. 564, 569 (1972).  The Supreme Court has further articulated that a claim of entitlement is not created by federal law, instead it "is created and . . . defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id*.

Although Plaintiff cites cases where other jurisdictions have recognized a property interest in continued enrollment, those cases either involved an underlying state created interest, *see Branum v. Clark*, 927 F.2d 698 (2d Cir. 1991) (analyzing a New York state law recognizing

an implied contract between a college or university and its students); *Harris v. Blake*, 798 F.2d 419, 422-23 (10th Cir. 1986) (explaining that the Colorado Legislature has created a protected property interest in public education); *Donohue v. Baker*, 976 F. Supp. 136 (N.D.N.Y. 1997), or assumed a protected interest without deciding there was one. *Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214, 222 (1985); *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 91-92 (1978).

Mr. Davis failed to allege in his complaint, or argue in his Opposition to the Motion to Dismiss, that a state created property interest in continued enrollment at a public education institution exists in Virginia.  Moreover, when pressed at oral arguments, neither party could cite any Virginia statute or case law that created such a property interest.  Without this underlying state created property interest, Plaintiff does not state a claim for violations of procedural or substantive due process.

Even assuming that Mr. Davis does have a state property interest in continued enrollment at GMU, both the procedural and substantive due process violation claims still fail.

      Procedural Due Process

Even assuming that Mr. Davis does have a state property interest in continued enrollment at GMU, the Court finds that the procedural due process violation claim fails because Mr. Davis signed a School of Public Policy Student Services Guide Receipt certifying that he received the Master Student Service Guide.  The Guide states in part that "[w]ithdrawal after the last day for dropping a course (specified in the Academic Calendar) requires approval by the student's academic dean and is permitted only for nonacademic reasons that prevent course completion."

(GMU *Sch. of Pub. Pol'y Master's Programs Student Serv. Guide 2002-2003*, at 19). Here, Dr. Haynes considered Mr. Davis's request and denied it. Thus, because Mr. Davis received notice of the procedure and the procedure was followed, Mr. Davis's procedural due process violation claim fails.

### Substantive Due Process

Even assuming that Mr. Davis had a state created property interest in continued enrollment at GMU, the court finds that the substantive due process violation claim fails because Mr. Davis has failed to allege that GMU's actions were arbitrary and capricious. In the area of academics, substantive due process protection shields individuals only from actions that are arbitrary and capricious. *Bd. of Curators of Univ. of Mo.,* 435 U.S. at 91-92.

Here, GMU made a formal decision pursuant to its own policies and guidelines and notified Mr. Davis of its decision and reasons for it. (Compl. ¶ 24.) Mr. Davis failed to plead how GMU's denial of his request was arbitrary and capricious or how it was a substantial departure from academic norms. Therefore, Plaintiff's substantive due process violation claim fails because Mr. Davis has failed to allege that GMU's actions were arbitrary and capricious.

### **Count IV**

The Court holds that Count IV alleging breach of contract is dismissed because the Catalog is not a contract, and thus any breach of it is not actionable.

In Virginia, in order for there to be a contract there must be an absolute mutuality of engagement so that each party is bound and has the right to hold the other party to the agreement. *JGB Indus. Inc., v. Simon-Telelect, Inc.*, 221 B.R. 176, 183 (E.D. Va. 1998). Here, the Catalog

amounts to an unenforceable illusory contract because it purports to promise specified performance, but the performance by GMU, the promissor, is entirely optional. *Id.* The catalog states that

> [t]he catalog is the normal repository of policy statements; but corrections, changes, or interpretations can be promulgated by other means, including electronic publication. When the university or one of its academic units makes changes in course requirements, grading procedures, and/or the level of qualitative performance expected of its students for acceptance into particular programs, academic standing, or graduation, the changes apply to all students enrolled in the university at the time of implementation of the change and thereafter.

(GMU University Catalog 2002-2003, at 25). Thus, with such ephemeral terms and lack of absolute mutuality as required in Virginia, the Court finds that the Catalog is not a contract.

Additionally, the GMU School of Public Policy Master's Programs Student Services Guide 2002-2003 explicitly provides that "[t]he provisions of this Guide are subordinate to the University's general catalog and rules and do not constitute a contract with the students to whom they apply." (GMU *Sch. of Pub. Pol.'y Master's Programs Student Serv. Guide 2002-2003*, at 5.) Because Mr. Davis had no contract with GMU, there can be no breach of contract claim and Defendant's Motion to Dismiss the contract claim is granted.

## II.  CONCLUSION

For the reasons discussed above, this Court grants Defendant George Mason University's Motion to Dismiss.  The Court holds that Count I is dismissed because equitable estoppel does not lie against George Mason University when it exercises a governmental function.  Counts II and III are dismissed because, under Virginia law, there is no property interest in continued enrollment at a public university in Virginia, and as such, Plaintiff's complaint fails to state a claim for violation of his Fifth Amendment procedural or substantive due process rights.  Count IV is dismissed, because the Catalog is not a binding legal contract.
It is hereby

ORDERED that Defendant George Mason University's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this _____21st____ day of October, 2005.


        _____/s/_____
        Gerald Bruce Lee
        United States District Judge

Alexandria, Virginia
10/ 21 /05